## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID EVAN SCHANZLE,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL NO. A-18-CV-00933-RP-SH** |
| | § | |
| **SUSANA HABERMAN, JONATHAN P.** | § | |
| **GEBHART, MICHAEL GALDO,** | § | |
| **BRAD BARBER, LAUREL VANT,** | § | |
| **JEFF NEFF, MARK LANE, U.S.** | § | |
| **MAGISTRATE JUDGE; AND  6 TO 8** | § | |
| **UNKNOWN GOVERNMENT** | | |
| **AGENTS,** | | |
| | | |
| **Defendants** | | |

## O R D E R

Before this Court are Defendants' Motion to Stay Pending Resolution of Immunity Defense, filed on May 1, 2019 (Dkt. No. 12); Plaintiff's Demand to Examine Exhibit B and Affidavit of Probable Cause and Request to Stay on all Proceedings, filed on May 8, 2019 (Dkt. No. 13); Plaintiff's Motion to Unseal Affidavit of Probable Cause and Attachment B, filed on June 10, 2019 (Dkt. No. 22); and the parties' various response and reply briefs.[1] On July 15, 2019, the District Court referred the above-styled case to the undersigned Magistrate Judge for resolution and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72 and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

On October 24, 2018, federal agents from the Internal Revenue Service-Criminal Investigation Division ("IRS-CID") and the Federal Bureau of Investigation ("FBI") conducted a search of David

---

[1]  Plaintiff did not file a response to Defendant's Motion to Stay Discovery.

Schanzle's home and business, Gardens of the Ancients, located at 4800 Yager Lane, Manor, TX 78653, pursuant to a search warrant ("Warrant") signed by United States Magistrate Judge Mark Lane. On October 30, 2018, Schanzle filed this lawsuit against Magistrate Judge Mark Lane, Assistant United States Attorney Michael Galdo, FBI Special Agent Susana Haberman, IRS Special Agents Laurel Vant, Jon Gebhart and James Neff, and "6 to 8 unknown agents" ("Defendants") alleging that the issuance of the warrant and the manner of its execution violated his Fourth and Eighth Amendment rights. Schanzle purports to bring his lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### A. Defendant's Motion to Stay Discovery

On May 1, 2019, Defendants filed a Motion to Dismiss on the grounds that Schanzle's claims were, among other defenses, barred by qualified and absolute immunity. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants now request that the Court stay all discovery and discovery related proceedings pending the Court's ruling on Defendants' Motion to Dismiss. While the Court could grant the Motion to Stay as unopposed under the Local Rules, the Court will address the merits of the Motion.

Qualified immunity shields "government officials performing discretionary functions" from civil liability for claims under federal law "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney v. Weaver*, 367 F.3d 337, 347–48 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity constitutes an '*immunity from suit* rather than a mere defense to liability.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad." *Wilson v. Sharp*, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos*, 834 F.2d at 507-508). Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). "If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* at 995.

Accordingly, discovery is only permitted *after* a determination has been made that the plaintiff has alleged sufficient facts to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is allowed only if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted. Because the Court has not yet determined whether Schanzle has alleged sufficient facts to state a claim against the Defendants in this case, it is premature to allow discovery at this time.

Based on the foregoing, Defendants' Motion to Stay Discovery Pending Resolution of the Immunity Defense (Dkt. No. 12) is **GRANTED**. **IT IS HEREBY ORDERED** that discovery in this case is **STAYED** pending resolution of the issues raised in Defendants' Motion to Dismiss.

**B. Plaintiff's Motion to Unseal Affidavit of Probable Cause and Request to Stay**

Schanzle asks the Court to order Defendants to produce the Affidavit of Probable Cause and Attachment B to the Warrant pursuant to Federal Rule of Criminal Procedure 41(b) and *Franks v. Delaware*, 438 U.S. 154 (1978). Schanzle's request is an attempt to conduct discovery in this case. Because the Court has stayed discovery in this case, Schanzle's Demand to Examine Exhibit B and Affidavit of Probable Cause and Request to Stay on all Proceedings (Dkt. No. 13) and Motion to Unseal Affidavit of Probable Cause and Attachment B (Dkt. No. 22) are **HEREBY DENIED**.

SIGNED this 17th day of July, 2019.

_____
SUSAN  HIGHTOWER
UNITED STATES MAGISTRATE JUDGE